IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NINA R. COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12-1041-STA |
| | ) |
| WAL-MART STORES EAST, L.P., and | ) |
| MICHAEL PHILLIPS, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Nina R. Cooper's Motion to Remand (D.E. # 4) filed on February 17, 2012. Defendant Wal-Mart Stores East, L.P. has filed a response in opposition to Plaintiff's Motion to Remand. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

Plaintiff alleges that on January 31, 2011, she was present at the Wal-Mart store in Huntingdon, Tennessee. According to her pleadings, Plaintiff was accidentally struck by a stack of shopping carts being pushed by an employee of the store. Plaintiff seeks $100,000 in damages for her physical and emotional injuries suffered as result of the accident on the premises of the Wal-Mart store.

Defendant Wal-Mart filed a Notice of Removal in this case on February 15, 2012 (D.E. # 1) arguing that there existed complete diversity of citizenship between Plaintiff, who is a resident of Tennessee, and Wal-Mart, a Delaware limited partnership with its principal place of business in

Arkansas. The amount in controversy in this case exceeded $75,000. Therefore, Defendant Wal-Mart asserted that jurisdiction was proper in this Court pursuant to 28 U.S.C. § 1332. It should be noted that Plaintiff's initial pleadings, which formed the basis for Defendant Wal-Mart's Notice of Removal, alleged a cause of action against both Wal-Mart as well as the "unknown employee of Wal-Mart."

On February 17, 2012, Plaintiff filed the instant Motion to Remand. Plaintiff stated her belief that the unknown employee who was pushing the stack of shopping carts is actually a resident of Tennessee, a fact which if proven would destroy complete diversity in this case. Plaintiff indicated that she would seek leave to amend her complaint as soon as she discovered the identity of the unknown Defendant. Defendant Wal-Mart responded in opposition arguing that the Court should not consider the residence of a fictitious, unidentified party for the purpose of determining diversity of citizenship. Defendant went on to assert without citation to any authority that Plaintiff had fraudulently joined the unknown employee because Plaintiff has no colorable claim against the employee. Therefore, removal was proper and remand should be denied.

On February 27, 2012, Plaintiff filed an unopposed motion to amend her pleadings and name Michael Phillips, a Tennessee resident, as a Defendant.[1] The Amended Complaint identified Phillips as the Wal-Mart employee who was pushing the stack of shopping carts when Plaintiff was injured. Plaintiff seeks to hold Phillips liable for negligence and Wal-Mart vicariously liable for Phillips's actions. The Court granted Plaintiff's motion to amend, and Plaintiff filed her Amended Complaint on March 2, 2012.

---

[1] Defendant Wal-Mart did not oppose the motion to amend and therefore did not challenge whether Plaintiff still had timely claims against Phillips.

## ANALYSIS

The burden to establish federal jurisdiction rests with the removing party.[2] The Court must resolve all disputed facts and questions of state law in favor of the non-removing party.[3] Generally, diversity is determined at the time the lawsuit is filed.[4] It is well-settled that federal courts have an ongoing duty to ensure that subject matter jurisdiction over a given case exists, and the Sixth Circuit has held that diversity should be re-examined upon the filing of an amended pleading naming new, non-diverse parties.[5] The Court holds that Plaintiff's Amended Complaint has named a non-diverse party to this action, thereby destroying complete diversity of citizenship. As such, this matter must be remanded to state court. Because Plaintiff has added Defendant Michael Phillips, who is like Plaintiff a resident of Tennessee, complete diversity no longer exists in this case. Therefore, the Motion to Remand must be **GRANTED**.

    IT IS SO ORDERED.

                                          s/ S. Thomas Anderson
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: April 6, 2012.

---

[2] *Gafford v. General Electric Co.,* 997 F.2d 150, 155 (6th Cir. 1993).

[3] *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir. 1994).

[4] *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Smith v. Sperling*, 354 U.S. 91, 93 & n.1 (1957).

[5] *Id.* (collecting authority for its holding).